Opinion of the Court—Sprague, J.

No. 2,258.

THE PEOPLE OF THE STATE OF CALIFORNIA, RESPONDENT, *v.*
FRED. W. KOHL, APPELLANT.

ASSESSMENT.—TAX ON MORTGAGE.—The owner of land who had been assessed
with the same, and had paid the taxes thereon, and who, during the
same year had sold the land and taken a note and mortgage, payable at
a future day, for the purchase money thereof, was not liable to re-asess-
ment with the amount of such mortgage for the same fiscal year.

Per WALLACE, J., RHODES, C. J., concurring.

ASSESSMENT.—TAX ON MORTGAGE.—In the fiscal year of 1868-9 no liability
for assessment and taxation could accrue upon a bond and mortgage
which was not in existence on the first Monday in March preceding; that
being the time fixed by the statute when the lien for taxes attached.

APPEAL from the District Court of the Seventeenth Dis-
trict, Los Angeles County.

Judgment was for plaintiff, and defendant appealed.
The other facts are stated in the opinion.

*Chas. H. Larrabee,* for Appellant.

The thing taxed is palpably not a subject of taxation.
(Hittell, 6154.) It is not the money of the defendant loaned
nor is it his money at interest. It is at the best but a debt
which may or may not be "solvent," and if a solvent debt,
it should have been so taxed. It is the credit given to
Casad upon his purchase of the land which had already
been taxed to Kohl. It is a case of triple taxation. First,
the land is taxed to Kohl. Second, the money of Casad,
which, at a future year he agrees to pay for the land, is, or
ought to have been, taxed to him. Third, the promise to
pay by Casad, is taxed to Kohl.

*Jo Hamilton,* Attorney-General, for Respondent, filed no
brief.

SPRAGUE, J., delivered the opinion of the Court, TEMPLE,
J., and CROCKETT, J., concurring:

The findings of the Court fail to support the judgment.
From these findings it appears that defendant was the own-

er of certain real estate in the county of Los Angeles, in the year 1868, which was assessed to him prior to the 23d of October of that year, for the fiscal year 1868–9, the taxes upon which assessment defendant subsequently paid; that defendant sold and conveyed the same land on the 23d day of October to one Casad, receiving in consideration of such sale and conveyance $1,000 in hand and the note of Casad for $8,000, payable at a future day, secured by mortgage on the same land; and from the complaint it appears that in November, 1868, the defendant, by order of the Board of Supervisors, was re-assessed with the amount of this mortgage held by him from Casad.

This was clearly a double assessment, substantially, of the same property to the same individual, a proceeding, in our judgment, not contemplated by the statute and not authorized thereby.

Judgment reversed and cause remanded, with directions to the Court below to order judgment for defendant.

WALLACE, J., delivered the following opinion, RHODES, C. J., concurring:

I concur in the judgment on the ground that no lien, and, consequently, no liability to immediate taxation had accrued upon the note and mortgage at the time they were assessed. I think that the lien is inseparable from the liability itself, and as the statute provided at that time that the lien should attach on the first Monday of March of each year, it follows that the property to be taxed must have been in existence at that time, and that its non-existence at that time, as in this case, is conclusive against the asserted right to impose the tax in question.