JOHN GRAHAM v. THE BOARD OF COMMISSIONERS OF CHAUTAUQUA COUNTY, et al.

1. CATTLE, *Where Listed; Collection of Tax, Not Enjoined.* Plaintiff, a resident of Montgomery county, owned a herd of cattle which from July or August, 1880, to November, 1881, were kept in Chautauqua county. At first, and until October or November, 1880, they were kept in Sedan township; then they were driven into Belleville township and kept until May 26, 1881, when they were driven back to Sedan township, and there remained till November, 1881. They were, without the knowledge of the owner, listed for taxation for the year 1881 in Belleville and not in Sedan township. *Held,* That under a statute providing that animals shall be listed and taxed where usually kept, the district court did not err in refusing to enjoin the collection of the Belleville township and school-district taxes levied upon the cattle.

2. CATTLE TAX— *Collection, Not Restrained.* Where the owner of cattle kept in a county is a non-resident, and a party who has been in charge lists them for taxation, and the valuation is fair and just, *held,* that injunction will not lie to restrain the collection of taxes levied thereon, on the ground that the possession and control of the cattle had been before the listing turned over to another agent of the owner.

3. TAXATION OF CATTLE; *Statute, Partly Invalid.* Chapter 34, Laws of 1881, so far as it provides for the taxation of cattle driven for the purpose of grazing into the state from outside its limits, after March 1st and before December 1st, trespasses upon the constitutional rule of uniformity in matters of taxation, and is invalid.

*Error from Chautauqua District Court.*

ACTION brought by *Graham* against *The Board of Commissioners* of Chautauqua county, and the treasurer of that county, to restrain a collection of the taxes for 1881 upon certain steers and cows belonging to plaintiff. Trial by the court at the May and December Terms, 1882, and judgment for defendants. *Graham* brings the case here. The opinion states the facts.

*Jos. Chandler,* for plaintiff in error.

*W. F. Lemmon,* and *M. B. Light,* for defendants in error.

The opinion of the court was delivered by

BREWER, J.: This was an action brought in the district court of Chautauqua county to restrain a collection of the taxes for the year 1881 upon certain personal property belonging to plaintiff. The case was tried by the court without a jury, and resulted in a judgment in favor of the defendants. The plaintiff brings the case here for review. No special findings of fact were made, but only a general finding in favor of defendants; so that upon the few matters in which there is a conflict in the testimony, we must assume the facts to be as claimed by the defendants. The plaintiff was a resident of Montgomery county. The property taxed was 190 head of steers and 52 head of cows. With respect to the latter, the facts are these: In July or August, 1880, they were in Sedan township, in Chautauqua county, and belonged to the plaintiff. Where they were situated and to whom they belonged prior to that time, does not appear. They were kept in Sedan township until October or November, 1880, when they were driven into Belleville township, where they remained until May 26, 1881. They were then driven back into Sedan township and herded there until November. What became of them after that, and to whom they subsequently belonged, is not shown. They were listed for taxation on April 29, in Belleville township by one George Edwards, who had been in charge of them, but who had prior to such listing turned them over to one Russell. The plaintiff did not know of such listing until about the first of June, 1881. The valuation placed upon them was fair and just. The law in respect to the taxation of these animals provided that they should be listed and taxed where they were usually kept. (Laws 1881, ch. 34.) Plaintiff testified that they were usually kept in Sedan township, while as heretofore stated they were listed in Belleville township. It does not appear that there was any attempt to list them for taxation in Sedan township.

Did the court err in refusing to enjoin the collection of

these taxes? We think not. While the plaintiff, it is true, claimed that the property was usually kept in Sedan township, yet according to the dates and times given by himself, it is apparent that there was very little difference between the number of months in which they were kept in the two townships respectively. They were at the time of listing in Belleville township, had been there from the first of the year, and there was nothing to indicate any intention to remove them from that township. The assessor of the township, finding them there, listed them for taxation. The plaintiff never listed them in Sedan township, never informed the assessor of Belleville township that the property was only temporarily there and was to be removed to Sedan township. Under those circumstances, the assessor simply did his duty, and the plaintiff has failed to make it appear that the property was improperly listed in that township. Where the owner is a non-resident of the county, the assessor is under no obligation to call upon him personally. It is enough that he applies to the parties in actual possession of the property within the limits of the county. It is true in this case the party that listed was not at the time in such possession, but he had been; and it does not appear that the assessor was informed of any change of possession, and the property was listed at its fair value. Hence the failure to have the property listed by the party in actual possession was simply an irregularity, which did not absolutely vitiate the assessment.

As to the steers, the facts are these: They were purchased by the plaintiff in May, 1880. They were then in the Indian territory, and there remained in the possession of Sears and Edwards, with whom plaintiff made a contract for their keeping. Sometime in November, 1880, without the knowledge of plaintiff, Sears drove some eighty-five head up to his corral in Chautauqua county, and there kept them ten days for the purpose of branding them. They were then returned to the territory, and all the cattle there remained till March 4, 1881. At that time thirty-five head were driven up to Sears's corral, and on the 23d of April the remainder were also driven to

the same place. This was in Belleville township. They were kept in this township for about forty days, then driven into Sedan township, and there herded till October, 1881, when they were again driven to the Indian territory. On the 25th of April, and while they were in Belleville township, at the instance of the assessor, Sears, in whose possession they were, without the knowledge or consent of plaintiff listed them for taxation. The plaintiff did not know of such listing until about the first of June. Plaintiff testified that he paid a pasturage tax upon them of $1.20 per head, in the Indian territory; that they were not kept out of the state of Kansas for the purpose of avoiding taxation, but because they could be kept cheaper in the territory, and have better pasturage; and that he did not drive them into the state for the purpose of pasturage, or for the purpose of grazing; that he understood that the Texas-cattle law forbade the bringing of such cattle into the state at certain seasons, and he wanted to bring them into the state for the purpose of selling them, thinking he could get a better chance to sell in the state than in the territory; that he could not get what he wanted for them, and so drove them back to the territory.

The statute under which this listing was made is found in §1 of ch. 34, Laws of 1881, and so much as is applicable reads as follows:

"Animals and farming implements shall be listed and taxed where usually kept: *Provided*, That if the owner of such animals lives outside of the limits of a city, such property shall be taxed in the township where the owner resides. But in case such animals and farming implements are temporarily outside the limits of the state, or in any unorganized county of this state, then said animals and implements shall be listed and taxed in the county, township and school district where the owner resided on the first day of March. When any stock shall be driven into any county of this state from any unorganized county or from beyond the boundaries of this state, for the purpose of grazing therein, at any time prior to the first day of December of any year, such stock shall be liable to be assessed for all taxes levyable in that county for that year, the same as if the owner thereof re-

sided and held said stock in such county on the first day of March of that year. And it shall be the duty of the proper officer, at any time during such year, to require such stock to be listed for taxation, and such list returned to the county clerk in the same manner as is required by law for the listing and valuation of other personal property for taxation in such county."

It is obvious that this listing cannot be sustained on the ground that the animals were temporarily outside the limits of the state, for then they must have been listed in Montgomery county, where the owner resided. It can be sustained only under the latter part of the statute quoted, and on the ground that the cattle were, after the first of March and prior to the first of December, driven into Chautauqua county for the purpose of grazing; and here we are met by the objection that such portion of the statute departs from the constitutional rule of uniformity in matters of taxation, and is therefore invalid. . The statute provides for a property tax, and, unlike that considered in the case of *The City of Newton v. Atchison,* ante, p. 151, is subject to the control of § 1 of art. 11 of the state constitution. The argument, briefly stated, is this: All personal property in the state on the first of March is, with the constitutional exemptions, listed for taxation. This therefore enforces the constitutional rule of uniformity. There is no general provision for taxing property brought into the state after the first of March, but by this statute an attempt is made to tax certain kinds of property when brought into the state for certain purposes. But if this is done, the rate of assessment and taxation is not uniform and equal. It was said in the case of *Hines v. City of Leavenworth,* 3 Kas. 200, that "the whole property of the state must be listed and valued for taxation." If this be true, must not all the property brought into the state after the first of March be listed for taxation in order to support the listing of part? Certainly a statute cannot be sustained which attempts to cast the entire burden of taxation on one class of personal property, leaving all others exempt. If this be true in respect to

the entire year, must it not be equally true in respect to a portion?

We think this argument is sound, and that if in addition to the listing of all property present in the state on the first of March, an attempt is made to list property brought in after the first of March, it must apply to all property so brought in. No distinction can be made as to property after the first of March, any more than it can as to property on that day. This case differs from that of *Francis v. Rld. Co.*, 19 Kas. 303, for in that the failure to reach all property was due to a lack of county organization and thus there was a failure of the tax machinery, while here it is the direct result of legislation distinguishing between different kinds of property.

We conclude therefore that the statute, so far as it attempts to provide for the listing of cattle brought into the state after the first of March for the purpose of grazing therein, is a departure from the constitutional rule of uniformity in matters of taxation, and cannot be upheld. Hence, as respects the taxation of the 190 head of steers, the district court should have granted an injunction.

The case will be remanded, with instructions to grant a new trial.

All the Justices concurring.