Board of County Commissioners of Pueblo County v. Wilson.

1. Assessment of Personal Property — Construction of the Statute.— The several sections of the revenue statute, providing for the assessment and collection of taxes upon personal property, are to be construed *in pari·materia*, and in pursuance of the mandates of the constitution. Thus construed, no personal property which is not *in esse*, and having a personal *situs* somewhere in the state on the 1st day of May, is liable to assessment for the current year, that being the day in each year fixed for the assessment of personal property, and all assessments being required to be made as of that date.

2. Live Stock Purchased Abroad After May 1st Not Taxable for that Year.— In accordance with the principles announced, horses and cattle purchased in another state and driven into a certain county of this state in October, and pastured therein until the month of January following, are not liable to assessment for that year, notwithstanding the provisions of section 23 of the revenue law, providing that "when any stock is driven into a county for the purpose of grazing therein, at any time previous to the last day of December in any year, it shall be liable to be assessed for all taxes leviable in that county for that year, the same as if it had been in the county at the time of the annual assessment; * * * provided, that such stock has not been regularly assessed in some other county of the state for that year."

3. A Different Construction Would Render the Statute Inconsistent, and Section 23 Unconstitutional.— To hold the stock liable for assessment for the year it was brought into the state, in such case, would violate the spirit of the statute, its different provisions being considered and construed together, and would likewise render unconstitutional and void the section relied upon to authorize the assessment, since it would make it discriminate against this class of property. Other kinds of property purchased abroad and brought into the state after the 1st day of May are not liable to assessment for that year.

4. Appeal from Assessment to Board of County Commissioners Not Conclusive.— One who appeals from an assessment of taxes to the board of county commissioners, under General Statutes, chapter 94, section 62, on the ground that the taxes are illegal, is not thereby precluded from resorting to the courts to test the validity of such taxes.

*Appeal from District Court of Arapahoe County.*

Mr. C. J. Hart, for appellant.

Messrs. Patterson & Thomas, for appellee.

Reed, C.   In this case there is no controversy in regard to the facts; the questions presented are purely those of law.

In September, 1884, appellee purchased in the state of Kansas six thousand eight hundred and fifty-three head of cattle and seven hundred horses, which were driven into the county of Pueblo, arriving about October 1st, and pastured until January 1, 1885.  On the 27th day of

January, 1885, the treasurer of the county notified appellee that he had assessed such stock for taxes for the year 1884, under section 23, chapter 94, General Statutes; that such taxes amounted to $3,199.16, and if not paid by February 1, 1885, he would be compelled to proceed under the law to collect the same. From this assessment appellee appealed to the board of county commissioners, claiming that the number of cattle and valuation *per capita* of both cattle and horses were too great. Upon a hearing, the number of cattle was greatly reduced, and the valuation of the stock to such an extent that the amount of the taxes was reduced to $1,227.33; which sum was paid by appellee under a written protest, alleging that the assessment was made irregularly, and without lawful authority. This suit was brought to recover the money so paid, with the interest.

The cattle and horses had not been regularly assessed for taxes for the year 1884 in any other county of the state, and appellee had not paid taxes on the property for the year 1884 in any county in the state. The answer admits substantially the facts stated in the complaint, and for a defense sets out the appeal from the assessment of the treasurer to the board of county commissioners, and avers that the finding of the county commissioners on the appeal was final and conclusive as to the appellee. Trial was had to the court without a jury. The court found in favor of appellee, and rendered judgment for the amount of money paid, with the interest.

The part of section 23, chapter 94, General Statutes, under which the assessment in this case was made, is as follows: " When any stock is driven into a county for the purpose of grazing therein, at any time previous to the last day of December in any year, it shall be liable to be assessed for all taxes leviable in that county for that year the same as if it had been in the county at the time of the annual assessment; and it shall be lawful for the proper officers to assess and collect the same at any time after the usual time of assessment and collection; *provided*, that such stock has

not been regularly assessed in some other county of the state for that year; and it shall be the duty of the county assessor, when required by the person having such stock in charge, to give a certificate of assessment, stating the number, kind and value of stock assessed, and such certificate shall be sufficient evidence of a legal assessment of such stock for that year."

The other sections of the statute necessary to be considered in this case are: " Sec. 22. All personal property shall be listed in the county where it shall be on the 1st day of May of the then current year; but if the owner resides out of the state, or fails to return his property to the assessor, it shall be listed and taxed where it may then be; *provided,* that horses, mules, cattle and sheep running at large and not being worked shall in all cases be returned and assessed in the county in which they are being herded or kept on the 1st day of May in each year."

" Sec. 24.   Every assessor shall assess all personal property situate or being in his county on the 1st day of May in each year.   *   *   *

" Sec. 26.   It shall be the duty of every person owning or having charge of property in this state subject to taxation to make out and deliver to the assessor, on or before the 20th day of May in each year, a correct list of the same as required by law.   *   *   *

" Sec. 46.   If by any means any property, real or personal, shall be omitted in the assessment of any year or series of years, and not put upon the assessor's book, the same, when discovered, shall be assessed by the assessor for the time being, and placed upon his book before the same is returned to the county clerk.   *   *   *

" Sec. 97.   When the treasurer of any county, after the tax list is committed to him, ascertains that any real estate, horses, mules, asses, cattle, sheep, goats, swine or other personal property then in his county are omitted from the tax list, and has reason to believe that such personal property has not been taxed in any other county for that year,

he shall forthwith proceed to list, value and assess said property in the same manner that the assessor or county clerk might have done, and shall enter such assessment in his tax book, following the levies made and delivered to him by the clerk, and such entries shall be designated as additional assessments, and the taxes so levied and assessed by the treasurer shall be as valid for all purposes as if the assessment had been made by the assessor, anything in this act to the contrary notwithstanding."

Sections 22 and 24 are clear and unequivocal. The 1st day of May of each and every year is fixed as the date for the assessment of all personal property, and all personal property is to be by the latter section assessed as of that date. The liability of the property to taxation depends upon its *status* at that time, and particularly so in the class of personal property assessed in this instance. The language of section 22 is: "*Provided*, that horses, mules, cattle and sheep, running at large and not being worked, shall in all cases be returned and assessed in the county in which they are being herded or kept on the 1st day of May in each year."

The statutes of different states differ as to the date, some taking one date, some another; but in every instance the statutory date fixed is taken as the criterion to determine what personal property is taxable, and to whom it should be taxed. Some arbitrary rule of date has been found necessary, and although, perhaps, in many instances, working hardship and inequality, to some extent, in taxation, it has been found the best regulation that could be established by law.

In *Shaw v. Dennis*, 5 Gilman, 418, it is said by the court: "In the imposition of taxes, exact and critical justice and equality are absolutely unattainable. * * * The proposition is Utopian. The legislature must adopt some practical system." This practical system, adopted in every state, is the one above indicated, fixing a definite time in each year when property shall be listed for taxation.

In Cooley on Taxation (1st ed.), 261, it is said: " Every person is therefore to be taxed for the year upon his personalty estimated as of the time of the assessment, and every parcel of land according to its value at that time. Subsequent changes cannot be noticed until another assessment." See *Hunnewell v. Cass Co.* 22 Wall. 477; *People v. Kohl*, 40 Cal. 127; *State v. Hardin*, 34 N. J. Law, 79; *Harman v. New Marlborough,* 9 Cush. 525; *Field v. City of Boston*, 10 Cush. 65; *Clark v. Norton*, 49 N. Y. 243; *Overing v. Foote*, 54 N. Y. 263; *State v. Jersey City*, 44 N. J. Law, 156; *De Arman v. Williams*, 93 Mo. 158.

Under the authorities above cited, we are clearly of the opinion that section 23, relied upon by appellant as the authority supposed to warrant the proceeding of the county treasurer in the assessment, cannot be construed to sustain the action of the county. In order to render the personal property (in this case cattle and horses) liable for taxes for the year 1884, it must have been *in esse* as property within the state, and have become a part of the mass of personal property subject to the jurisdiction of the state on the 1st day of May of that year. The most ancient well-defined rule for the examination and construction of statutes is that of Lord Coke: " The best expositor of all letters patent and acts of parliament are the letters patent and the acts of parliament themselves, by construing and comparing all the parts of them together." In *Com. v. Duane*, 1 Bin. 601, it was said " that, in construing any part of a law, the whole must be considered; the different parts reflect light on each other; and, if possible, such a construction is to be made as will avoid any contradiction or inconsistency." In *Com. v. Alger*, 7 Cush. 53, that, " in putting a construction upon any statute, every part shall be regarded, and it shall be so expounded, if practicable, as to give some effect to every part of it." In *Attorney-General v. Plank-Road Co.* 2 Mich. 138, it is said: " It is a cardinal rule that, in the construction of a statute, effect is to be given, if possible, to every clause and section of it; and it is the duty of

courts, as far as practicable, so to reconcile the different provisions as to make the whole act consistent and harmonious."

By applying these well-settled rules of construction to the statute in question, and holding, as we must, that the subsequent sections were intended to refer to and be controlled by section 22, and that the horses and cattle referred to in section 23 and subsequent sections, for the purpose of taxation, were those that were in the state and properly subject to taxation on the 1st day of May of each year, we obviously reach and adopt the intention of the legislature, and harmonize the different provisions so as to enable all to stand; but if we adopt the construction of the twenty-third section contended for by appellant, and hold the section to include for purposes of taxation cattle and horses purchased abroad and driven into the state and county by residents of the state between the 1st day of May and the last day of December of each year, we render section 23 void and inoperative for violating the provisions of the constitution and the fundamental principle of equality in taxation that must underlie every system of taxation to render it constitutional and operative. When, as in this case, it is by its terms applicable to one class only of personal property brought into the state between those dates, and exonerates all other personal property brought into the state from the burden of taxation, the discrimination is so obvious that its unconstitutionality is at once apparent.

There is another view of the law equally fatal to the construction sought by appellant. The money and credits of appellee were properly subject to taxation on the 1st day of May of that year, and he was required to return them to the assessor under oath, which he presumably did. Four months after, he changes the character of his personalty by investing the money in cattle in an adjacent state, which are driven into this state and again taxed, amounting to double taxation of the same business capital for the same

year.   It is needless to say that such results cannot be tolerated, and that the legislature neither intended nor contemplated them.   The language of section 23 is: "When any stock is driven into a county for the purpose of grazing therein at any time previous to the last day of December in any year, it shall be liable to be assessed:  *  *  *  provided, that such stock has not been regularly assessed in some other county of the state for that year."   The words "regularly assessed" would fairly indicate that the legislature in this section had in view the former section, and intended to restrict the right to assess to stock that was regularly assessable on the 1st day of May to prevent evasion of the payment of taxes by parties who might dishonestly fail to return the stock, and shift it from place to place, with intention of defrauding counties and the state. The section does not in terms make cattle and horses purchased in another state, and brought in before the last day of December, liable to tax.   Such construction can only be by inference or implication from the language used.   The legislature of the state of Kansas in 1881 passed an act subjecting cattle and horses driven into that state between the 1st day of March and the 1st day of December to taxation; the 1st of March being in that state the date of the annual assessment.   In *Graham v. Commissioners*, 31 Kan. 478, the court, by Brewer, J., declared the statute invalid, and " a departure from the constitutional rule of uniformity in matters of taxation,"— a conclusion we should be compelled to adopt in regard to section 23, should we adopt the construction insisted upon by appellant.

There is no general statutory provision for taxing personal property brought into the state between the first of May and the last of December.   By the construction sought for this section, only a particular kind or class of personal property is sought to be taxed, while all other kinds are exonerated,— a clear and palpable violation of a fundamental constitutional principle.   We cannot see how appellant can derive any aid from sections 46 and 97.   They in

direct terms apply to property omitted from the assessment roll, obviously referable directly to property that was in the state, and legally liable to taxation, at the annual assessment on May 1st. Appellant contends in argument that appellee, by availing himself of appeal to the board of county commissioners, allowed by section 62, was concluded by its decision, and could not resort to the courts. We do not think this position tenable. If the right to tax the property was unquestioned, and the only questions were those of valuation and amount of tax, we might hold their action conclusive; but as no such question is raised, we do not find a decision on that point necessary. But where, as in this case, the questions raised are those of the construction and validity of statutes, and the legality of any tax imposed, they must of necessity be determined in the courts. The boards of county commissioners are not by the constitution invested with judicial power to pass upon the validity of a tax, nor could any such determination by them be deemed final and conclusive.

The judgment of the district court should be affirmed.

RICHMOND and BISSELL, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*

MR. JUSTICE ELLIOTT, having presided at the trial below, did not participate in this decision.