JOSEPH SMITH *et al.* v. H. C. MASON.

CATTLE — *Improperly Listed for Taxation.* The defendant resided in Minneapolis, Ottawa county, Kansas, and owned a section of land in said county near said city. He purchased, fed and sold cattle, using said section of land as a home ranch where he kept his cattle during the summer season, and to which his cattle were returned when wintered away. The cattle, the assessment of which is complained of in this case, were purchased in Kansas City, shipped to the ranch in Ottawa county, where they were kept a short time, when they were taken to Lincoln county, where the defendant had contracted with a party to winter them, after which they were to be returned to th place in Ottawa county. On the 7th of April following they wer returned to the home ranch, in Ottawa county, and pastured there until November 15, when they were shipped and sold. Under these facts, *held*, that the home ranch, in Ottawa county, was the place where the cattle were usually kept, and that they were improperly assessed in Lincoln county.

*Error from Ottawa District Court.*

THE opinion states the case.

*David Ritchie,* for plaintiffs in error.

*Chipman & Maltby,* for defendant in error.

Opinion by STRANG, C.: This was a proceeding by injunction to restrain the collection of certain taxes assessed in Cedron township, Lincoln county, against 200 head of steers, owned by the defendant, a resident of Minneapolis, Ottawa county. The case was begun August 12, 1890, and tried by the court without a jury January 17, 1891. The court made the following findings of fact:

"1. For 10 years last past, the plaintiff has been the owner and in possession of section 10, situate in Center township, in said county of Ottawa, which he has, during said time, used for the grazing of cattle; said section being situate about three miles from said city of Minneapolis.

"2. During said 10 years, the plaintiff has been in the business of feeding and keeping cattle, as follows: He has purchased during the fall of the year steers ranging from three to four years old, sufficient to stock said section for the following year; such steers, so purchased, have been usually wintered by third parties under contract with plaintiff, upon other lands, until the grass the following spring on said section was sufficient to keep them, when they have been removed to said section and kept by plaintiff until marketed, in the fall.

"3. About the first of November, 1888, the plaintiff purchased in Kansas City the 200 steers in question, and shipped them immediately to said section, where they were kept until the 15th day of November, 1888, when the plaintiff contracted with one Samuel Engle, of Cedron township, Lincoln county, Kansas, to keep said steers on his farm in said township for plaintiff from that day until the 15th day of April of the following year; and, pursuant to said contract, said steers were taken to said farm on said 15th day of November, and were there kept under said contract until the 7th day of April, 1889, when they were delivered by said Engle to the plaintiff, and the latter immediately took them to said

section, where they were pastured and fed until about the 15th day of November, 1889, when they were by plaintiff shipped to Kansas City and sold upon the market there.

"4. Said steers were listed for taxation in Cedron township by said Engle without the knowledge or consent of plaintiff, and he did not learn that they had been so listed until about the first day of January, 1890.

"5. The contract between plaintiff and said Engle for the wintering of said steers provided that, when said Engle should fail to keep them according to its terms, the plaintiff might take possession of and remove them, and under such provision the plaintiff, being dissatisfied with the manner said steers were being kept, took possession of them and removed them to said section, as hereinbefore stated."

Upon the facts as so found the court reached the following conclusions of law.

"1. Said steers were not legally listed, assessed and taxed in said Lincoln county for the year 1889.

"2. Said steers were legally assessed and taxed in said Ottawa county for the year 1889.

"3. The plaintiff is entitled to a perpetual injunction against the defendants as prayed for in his petition herein."

The only question in the case is, were the cattle properly assessed in Lincoln county? Paragraph 6852, General Statutes of 1889, or so much of the same as relates to the question involved herein, reads as follows: "Animals and farm implements shall be listed where usually kept." The findings of the trial court show that the defendant, the owner of the cattle the assessment of which is complained of in this case, resides in the city of Minneapolis, Ottawa county, Kansas; that said defendant owns a section of land near said city which he keeps as a cattle ranch; that he follows the business of buying, feeding and selling cattle, and in connection therewith uses said land as a home ranch. The cattle assessed in Cedron township, Lincoln county, were purchased by him in Kansas City and shipped to the home ranch in Ottawa county November 1, 1889, where they were kept until the 15th of said month, when they were taken to Lincoln county and kept till the 7th of April following. They were then taken back to the home

ranch, in Ottawa county, where they were kept till November 15, 1889, when they were shipped to Kansas City and sold. They were on the home ranch, in Ottawa county, for seven months, while they were in Cedron township, Lincoln county, less than five months. They were taken to the home ranch when purchased, and from there to Lincoln county to winter, with the intention of bringing them back to the home farm in the spring.

From these facts, we think it is manifest that the cattle were usually kept in Ottawa county. This case differs from the case of *Graham v. Comm'rs of Chautauqua Co.*, 31 Kas. 473. In that case the cattle were held about an equal time in each township; but there was nothing in that case showing that the owner had a home ranch in either township, and nothing to indicate that the cattle were to be taken from Belleville township, where they were assessed, back to Sedan township, where the owner claimed they should have been assessed; while in this case the owner had a home ranch in Ottawa county where he usually kept his cattle, and when these cattle were taken from there to Lincoln county it was with the intention of returning them to the home ranch in the spring.

The following Nevada cases are very strong in support of this conclusion: *Barnes v. Woodbury*, 17 Nev. 383; *Ford v. McGregor*, 20 id. 446; and *Whitmore v. McGregor*, 20 id. 451.

We recommend that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.