Richmond, P. J.,
delivered the opinion of the court.
This is an application for an injunction to restrain the col- ■ lection of taxes. Plaintiff in error, Henry H. Metcalf, filed his complaint in the district court of Otero county alleging:
“ That the defendant herein is the duly elected qualified county treasurer of the county of Otero, and state of Colorado.
That the plaintiff is, and for more than ten years last past was, the owner of a large number of cattle, the exact number thereof plaintiff is not able to definitely state, but plaintiff alleges that of his best knowledge, information and belief the number of said cattle owned by him in this state is three thousand (3000).
That plaintiff, during all of said period, lived and now lives at or near River Bend, in the county of Elbert, and state of Colorado, and that his ‘ home ranch,’ or headquarters where he cares for, and around which he intends to keep and graze his said cattle, is at and around said River Bend, in said county of Elbert.
That during the winter seasons and during other seasons, without the procurement 6r intention of the plaintiff, said cattle wander away from the vicinity of said River Bend and from Elbert county into other neighboring counties, but that at such times as are convenient, and particularly at such times as the weather will permit, plaintiff is accustomed to and does round up and drive back said cattle to the vicinity of said River Bend and into said Elbert county, and particularly does he at such times round up and drive back said cattle from the county of Otero.
That in some years the winter season being more severe than in other years, the plaintiff is unable to round up and drive back his cattle as aforesaid as soon as he is able to and does round them up in milder seasons, but plaintiff says that his intention is, in every year, to round up and drive back his said cattle to and about said River Bend about the month of April, though in some years he has been prevented for the *377 reasons aforesaid from driving his cattle back to his said “ home ranch ” until in May.
That by reason of the great number of cattle owned by plaintiff he is not able at any particular time to say definitely where each and every head of said cattle are, or whether they are all in said Elbert county, or whether certain of them are in other counties; but plaintiff intends, as aforestated, to keep all of them in and around said River Bend and in said Elbert county, and that if any part of said cattle at any time go into said county of Otero the same is contrary to the intention of the plaintiff and is accidental.
That the county assessor or the county treasurer or the board of county commissioners or some other officer of the said county of Otero, charged with the assessment or collection of the revenue thereof, claims that a large part of the cattle of this plaintiff was in the county of Otero on the first day of May, 1890, and thereupon, at some time during the said year of 1890, a tax was assessed against said cattle in the said county of Otero for the year 1890, but that plaintiff had no knowledge that said cattle were in the co'unty of Otero on said first day of May, 1890, and that if said cattle or any part thereof were in said county of Otero on the first day of May, 1890, their being there was temporary and accidental and without the knowledge or consent of plaintiff, and that he was never notified by any of thé officers of said county of Otero, or by any one else, that a tax had been levied against said cattle in said county, until the plaintiff received a letter about the tenth dajr of September, 1891, that the said treasurer of said Otero county held a warrant for the collection of the tax so levied as aforesaid, and was about to distrain and sell said cattle for said tax, whereas, in truth and in fact, said cattle were not assessable in said Otero county, and no tax was due or payable therein on said cattle, but that for the reason that the notification aforesaid received by this plaintiff on or about the tenth day of September, as aforesaid, was the first knowledge or notice that such taxes were levied, this plaintiff has been and is wholly *378 without an opportunity to appear before the board of county commissioners of said Otero county for the purpose of having the said' taxes, so assessed against him as aforesaid, corrected and stricken from the tax roll; and that unless restrained by the order of this Honorable Court the said cattle will be sold for the said taxes.
That plaintiff returned to the assessor of Elbert county all of his said cattle for the purpose of being taxed in said Elbert county for the year 1890, and that all of said cattle, including all cattle so claimed to be taxable in Otero county as aforesaid were regularly assessed in said Elbert county for said year 1890, and the treasurer of said Elbert county now holds a warrant for the collection of said tax against this plaintiff.
That unless the said treasurer of Otero county is restrained from selling said cattle for taxes alleged to be due said Otero comity for the year 1890 by this honorable court, this plaintiff will be compelled to pay said taxes upon the same cattle twice, and will be compelled to pay taxes upon said cattle to the treasurer of Otero county under a claim and a tax warrant wholly against law.”
A demurrer was interposed to the complaint: First — Because the complaint does not state facts sufficient to constitute a cause of action; and, Second — Because the court has no jurisdiction of the subject of the action.
The demurrer was sustained and judgment rendered against plaintiff for costs, to reverse which he prosecutes this writ of error.
We are inclined to the opinion that the question here involved comes clearly within the conclusion reached by the supreme court of this state in the case of Price et al. v. Kramer et al., 4 Colo. 547.
It is provided by the general revenue laws of the state, that all personal property shall be listed in the county where it shall be on the first day of May of the then current year, but if the owner resides out of the state, or fails to return his property to the assessor, it shall be listed and taxed *379 where it may then be : Provided, that horses, mules, cattle and sheep running at large and not being worked shall in all cases be returned and assessed in the county in which they are being herded or kept on the first day of May in each year. That every assessor shall assess all personal property situate or being in his county on the first day of May in each year. * * *
That it shall be the duty of every person owning or having charge of property in this state subject to taxation to make out and deliver to the assessor on or before the 20th day of May in each year a correct list of the same as required by law.
That if property real or personal shall be omitted * * * the same shall be assessed by the assessor and placed upon his books before the same is returned to the county clerk. * * *
In construing these various provisions of the statute, the supreme court, in the case of Price et al. v. Kramer et al., supra, distinctly asserts that it is the duty of the property owner to make return to the assessor of counties showing the number of cattle owned by him running in each of the counties on the first day of May, and that in case he shall fail to do so it is the duty of the assessor to act upon what means of knowledge he possesses, and if injustice be done in assessing for a larger number of cattle than are properly taxable or in assessing them at all, he may present the facts to the commissioners who constitute the board of equalization with power to correct the assessment roll.
The facts presented by the complaint in this case do not strike us as addressing themselves to a court of equity as strongly as the facts detailed in the ease above referred to.
It will be observed that by the complaint it is admitted that the complainant knew that his cattle were in the habit of ranging in the county of Otero, and that during the year 1890 and in the month of May of that year he was well aware of the fact that a portion of his herd was ranging within the boundaries of that county. Nor does the complaint show that he had taken any steps towards returning *380 .them to the county of Elbert, or any good reason why such steps were not taken. True it is averred that he had returned to the assessor of Elbert county all of his cattle for the purpose of being taxed; but yet it is admitted that all of the cattle were not in the county at the time they were so returned. He does not allege effort on his part, at any time prior to the first day of May, to ascertain the number of cattle properly assessable in Elbert county or in Otero county, nor does the complaint show what number of cattle were assessed by Otero county, or that he has paid or offered ' to pay the taxes assessed against him in Elbert county. In other words, it can be said that the complaint is exceedingly indefinite and clearly fails to state facts sufficient to warrant the interference of a court of equity by injunction restraining the collection of taxes.
Under the decisions of the supreme court of this state, stock ranging in the county of Otero on the first day of May was legally assessable by the officers of that county, and because the complainant saw fit to make return of all of his property to the county assessor of Elbert county, it affords no ground for relief against taxation in Otero county.
In the case of County Commissioners v. Wilson, 15 Colo. 90, it is held that the first day of May of each and every year is fixed as the date for the assessment of all personal property, and that the liability of property to taxation depends upon its status at that time.
It is true that the complainant may be liable to a doubl tax against which a court of equity should furnish relief, but even that fact does not sufficiently appear on the face of this complaint, for the reason that there is no allegation in the complaint showing that the county of Elbert would not relieve him, upon proper application, from taxes on cattle which had been properly taxed in the county of Otero, notwithstanding the return made by him.
In the case of Breeze v. Haley, 10 Colo. 5, it was held that the board of county commissioners have almost unlimited *381 power to correct any errors that may occur in any assessment either before or after the payment of taxes thereon.
It would be useless to cite authorities outside of our own supreme court in support of the conclusion here reached. They are binding upon us, and support us in saying that the injunction proceedings sought by complainant in this case cannot be maintained.
The judgment must be affirmed.

Affirmed.