THE BOARD OF COUNTY COMMISSIONERS OF KIOWA COUNTY v. DUNN ET AL.

1. CONSTITUTIONAL LAW—TAXATION—PROPERTY OF NONRESIDENT.
The property or business of a nonresident cannot be taxed in a different manner or at a different rate than that of the resident.
2. SAME.
Section 3195, Gen. Stats. (sec. 4276, Mills' An. Stats.), is unconstitutional.

*Error to the District Court of Kiowa County.*

THE board of county commissioners of Kiowa county, on the 26th day of September, 1891, filed their complaint in the district court of Kiowa county against the defendants in error, wherein they in substance allege :

That the defendants in error, defendants below, are non-residents of the state of Colorado; that they are the owners of 1,904 head of cattle ; that about the month of July they brought said cattle into Kiowa county, Colorado, and have since said time kept and herded the same in said county for grazing purposes ; that by virtue of the provisions of an act entitled " An Act to Protect the Grazing Lands of Colorado from the Stock of Nonresidents," they were required to pay to the county treasurer of said county the sum of fifty cents per head, and to make, acknowledge and file with the county clerk of said county a certificate showing the number of animals so grazed and the brands of same, before bringing said

animals into said county and state; that defendants neg-
lected and refused to pay said fifty cents per head, and failed
to cause said certificate to be executed and filed; that, as pro-
vided in said act, by reason of such neglect and refusal to pay
as above set forth, they were required to pay for each head
so herded and grazed the sum of $2.00; prays judgment for
the amount of $3,808, for costs, etc.

To this complaint defendants demurred, because said com-
plaint does not state facts sufficient to constitute a cause of
action, because the law under which plaintiff claims its cause
of action arises is unconstitutional and void. The court
below sustained the demurrer and dismissed the case at
plaintiff's costs. To reverse this judgment this writ of error
is prosecuted.

Messrs. SLADE & TORBIT, for plaintiff in error.

No appearance for defendants in error.

MR. JUSTICE GODDARD delivered the opinion of the court.

The only question presented upon this record is the con-
stitutionality of the act approved February 1, 1879, entitled
" An Act to Protect the Grazing Lands of Colorado from the
Stock of Nonresidents." So much of the act as is necessary
to be considered in determining this question reads as follows:

" SECTION 1. Any person or persons being nonresidents
of this state may keep and herd, for grazing purposes, cattle,
horses, mares, geldings, mules, asses or sheep in any county
in this state, for the period of one year thereafter, by first
paying to the treasurer of the county wherein the said stock
may be kept and herded, the sum of fifty cents for each and
every animal so kept and herded in said county; *Provided*,
That the sum of twenty cents only shall be collected on each
and every sheep so kept and herded as aforesaid; *and pro-
vided also*, that the said fifty and twenty cents, respectively,
shall be in lieu of all taxes upon said animals, whether for

county, school or state purposes, during the period preceding the first day of May in each and every year."

Section 5 provides that upon failure of any nonresident owner of the animals specified in section 1 to pay the amount of money per head as is therein provided, he shall forfeit and pay the sum of $2.00 per head for each and every head of stock so kept and herded, except sheep, upon which latter animals shall be forfeited and paid the sum of fifty cents for each and every head thereof, which said sum may be recovered in an action of debt, in the name of the county.

Section 3, article 10, of the constitution of Colorado provides :

"SEC. 3. All taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws, which shall prescribe such regulations as shall secure a just valuation for taxation of all property, real and personal ; " etc.

The act in question clearly contravenes this provision of the constitution.  It undertakes to tax the stock in question, because owned by nonresidents, in a different manner from which similar property belonging to resident owners is taxed. It is well settled that the property or business of a nonresident cannot be taxed in a different manner or at a different rate than that of a resident.  Section 2833 of our revenue act recognizes this, and provides that

" All personal property shall be listed in the county where it shall be on the first day of May of the then current year; but if the owner resides out of the state, or fails to return his property to the assessor, it shall be listed and taxed where it may then be. *Provided*, that horses, mules, cattle and sheep, running at large and not being worked, shall in all cases be returned and assessed in the county in which they are being herded or kept on the first day of May in each year."

In providing for the taxation of property of a nonresident by a different mode and for a different amount from that of all other property of the same kind when owned by a resi-

dent, this act is in violation of the plain mandate of the constitution, and cannot be upheld. It is insisted that if the act may not be sustained as an exercise of the power to levy a revenue tax, yet it nevertheless may be upheld as a valid police regulation imposing a license tax.

While a license tax may be levied upon such business or occupations as are proper subjects of municipal regulation and control, and the purpose of such tax is for regulation or restraint, yet when all the elements of regulation or restraint are wanting, and the primary purpose of the act is the raising of revenue only, then it loses its character as a license tax and becomes a tax for revenue.

"Only those cases where regulation is the primary purpose can be specially referred to the police power." Cooley on Taxation, 397.

For this reason the act under consideration cannot be upheld as a legitimate exercise of police power. We think the court below properly sustained the demurrer and dismissed the action at plaintiff's cost. The judgment is accordingly affirmed.

*Affirmed.*