[No. 2401. Decided January 28, 1897.]

JAMES WRIGHT, *Appellant,* v. W. M. STINSON, *Sheriff,* *Respondent.*

TAXATION OF MIGRATORY STOCK — CONSTITUTIONALITY OF ACT — AU-
THORITY OF SHERIFF TO COLLECT ASSESSMENT.

The "Migratory Stock Act" (Laws 1895, p. 105), providing for the assessment and collection of taxes on stock brought into the state after the first day of April in any year, is not unconstitutional on the ground of making a distinction between different kinds of personal property for purposes of taxation.

It is competent for the state to direct the method by which taxes are collected, and no constitutional right is invaded by an act which authorizes the sheriff to collect taxes levied upon migratory stock without a written authority from the assessor.

Appeal from Superior Court, Kittitas County.—Hon. CARROLL B. GRAVES, Judge.    Affirmed.

*Edward Pruyn*, for appellant.

*Eugene E. Wager*, for respondent:

In this state, where no special warrant is provided, and there is no statutory declaration as to what shall be the warrant of authority, the statutes which impose the duty to collect and prescribe the modes of compulsory collection, when founded on a valid assessment, constitute in its primary sense the collector's warrant of authority, and no preliminary process or warrant is necessary.    *Jackson County v. Gullatt*, 84 Ala. 243; *Parker v. Sexton*, 29 Iowa, 421; *Tallmon v. Cooke*, 43 Iowa, 330; *Johnson v. Chase*, 30 Iowa, 308; *Cedar Rapids, etc., R. R. Co. v. Carroll County*, 41 Iowa, 153.

The opinion of the court was delivered by

DUNBAR, J.—This case involves the constitutionality of chapter 61 of the acts of the legislature of 1895 (Laws, p. 105), which is known as the "Migratory Stock Act."    Appellant assigns no reason why this act should be declared unconstitutional, but contents himself with citing four cases to sustain his claim, viz., *Graham v. Board County Comr's.*, 31 Kan. 473 (2 Pac. 549); *Board v. Wilson*, 15 Colo. 90 (24 Pac. 563); *Farris v. Henderson*, 1 Okl. 384 (33 Pac. 380); *Board v. Dunn*, 21 Colo. 185 (40 Pac. 357).    An examination of these cases convinces us that they are not controlling in the case at issue.    In the first two cases the migratory stock law was held unconstitutional, for the reason that the acts imposed a tax upon certain kinds of personal property, while certain other kinds

24—16 WASH.

of the same nature escaped taxation. It was especially held there, that there was no general provision for taxing property brought into the state after the first of March; that there was no exception to this law except in the case of live stock brought in after the assessment; that all personal property in those states, viz., Colorado and Kansas, was to be assessed on the first day of the particular months mentioned, and there was no provision for assessing any kind of personal property at any other time. Consequently, it followed that the migratory stock could not be assessed for taxes in the manner provided by the statute without making an unconstitutional distinction in the assessment.

But here this objection cannot obtain, and no discrimination is made between live stock and any other property, and the method and time of assessment are exactly the same under the provisions of the act in controversy and the general statutes. It is true that § 6 of the revenue law of 1893 (Laws, p. 326), provides that all personal property shall be assessed with reference to its value on the first day of April of each year; but it does not provide that the personal property must be situated in the county or state on the first day of April in order to be assessed or taxed that year, but especially provides in the case of personal property generally that when it is moved into this state from another state between the first day of April and the first day of July the property may be assessed (Laws 1893, p. 326, § 7). The other authorities cited by appellant we think are not in point.

As to the second point, that the sherriff had no power to collect a tax levied under said act without a written authority from the assessor or some one who had power to give him authority to levy upon said

sheep for the purpose of collecting said tax, it is suffi-
cient to say that the state is competent to direct the
mode or method by which the taxes are collected, and
no constitutional right is invaded by the method pre-
scribed in this act.

We think no constitutional right is invaded in any
manner by the act, and the judgment will therefore
be affirmed.

SCOTT, C. J., and ANDERS, GORDON and REAVIS, JJ.,
concur.