PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAFAEL RIGUAL, Defendant and Appellant.

No. 6640. Argued July 19, 1937.—Decided July 24, 1937.

*R. Cuevas Zequeira* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Rigual was convicted of assault and battery.

The first assignment is that the district court erred in overruling a motion for acquittal on the ground of an alleged variance between the averments of the complaint and the evidence for the prosecution. The complaint charged

that Rigual had committed the assault with his fists, bruising the face of one Víctor Rivera. The evidence adduced at the trial disclosed the fact that one Benjamín Rodríguez Orta, whom Rigual had employed and incited to commit the assault, was in fact the assailant.

Sections 18 and 36 of the Penal Code and Section 93 of the Code of Criminal Procedure read as follows:

"Section 18.—Except in cases where a different punishment is prescribed, an accessory is punishable by imprisonment in the penitentiary not exceeding seven years, or in jail not exceeding two years, or by fine not exceeding five thousand dollars. Aiding in misdemeanor is a misdemeanor.

" . . . . . . . . . . .

"Section 36.—All persons concerned in the commission of a crime whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid or abet in its commission, or, not being present, have advised and encouraged its commission, and all persons counseling, advising, or encouraging children under the age of fourteen years, lunatics or idiots, to commit any crime, or who, by fraud, contrivance, or force, occasion the drunkenness of another for the purpose of causing him to commit any crime, are principals in any crime so committed."

"Section 93.—All persons concerned in the commission of a felony, whether they directly commit the act constituting the offense or aid in abetting its commission, though not present, shall be prosecuted, tried, and punished as principals, and no other fact need be alleged in the information against them other than is required in the information against the principal."

The argument is in substance that upon the principle of the maxim *expressio unius est exclusio alterius* Section 93 has no application to misdemeanors. This argument ignores the state of the common law which made necessary the enactment of the code provision from which Section 93 of our Code of Criminal Procedure was taken. "In misdemeanors it has always been the rule that one charged with a misdemeanor may be convicted either on proof of his being a principal or on proof of his being an accessory." 1 R.C.L. 147, sec. 26. See also: 16 C.J. 120, sec. 101; Id. 121, sec.

103; 1 Wharton Criminal Law 347, sec. 261; Id. 1106, sec. 812; 7 Cal. Jur. 887, sec. 38.

*People* v. *Campbell*, 40 Cal. 127 and *People* v. *Trim*, 39 Cal. 75, cited by appellant, are discussed and practically overruled in *People* v. *Outeveras*, 48 Cal. 20.

The district court did not err in overruling the motion for acquittal based on the ground of an immaterial variance which did not prejudice defendant in any substantial right nor affect the question as to his guilt or innocence of the offense as charged. See *People* v. *Vélez*, 32 P.R.R. 355 and cases cited.

 The second assignment is that the district court erred in convicting Rigual upon the testimony of an accomplice without the corroboration required by law. We have examined the evidence and find that the testimony of the accomplice was sufficiently corroborated by the testimony of other witnesses tending, without the aid of the testimony of the accomplice, to connect Rigual with the commission of the offense as required by Section 253 of the Code of Criminal Procedure.

The judgment appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.